21-1002

Filed 10/29/2021 5:44 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Lea Ann Palmer
Deputy

CAUSE NO. 21-1002

| | | |
|---|---|---|
| **BEST RUSH SERVICE, LLC**<br>*Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **OF HARRISON COUNTY, TEXAS** |
| | § | |
| **AMPAWARS, INC. and**<br>**CHARANPREET SINGH**<br>*Defendants.* | § | |
| | § | |
| | § | **71ST JUDICIAL DISTRICT** |

**PLAINTIFF BEST RUSH SERVICE, LLC'S ORIGINAL PETITION**

**COMES NOW,** Plaintiff, Best Rush Service, LLC, (hereinafter referred to as "Best Rush" or "Plaintiff"), files this *Original Petition* against Defendants, Ampawars, Inc. ("AMPAWARS") and Charanpreet Singh ("Singh") (collectively referred to as "Defendants"), and in support thereof would show the following:

Lea Ann Palmer

## I. DISCOVERY LEVEL

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## II. PARTIES AND SERVICE

2. Plaintiff, Best Rush Service, LLC., is a company doing business in Harris County, Texas.

3. Defendant, Ampawars, Inc. is a foreign for-profit corporation doing business in the State of Texas and may be served process by its registered agent, Harpreet Kaur Pawar, 7073 E. Redlands Avenue, Fresno, California 93737, or wherever it may be found.

4. Defendant, Charanpreet Singh, is an individual and may be served process at his place of residence, 5316 N. Valentine, Apt. 104, Fresno, California 93711.

TRUE AND CORRECT COPY

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties because Defendants have numerous contacts with the State of Texas that are both general and specific to the transactions at issue in this case. Defendants transacted business in the State of Texas and the accident at issue occurred in Harrison County, Texas.

## IV.
## AS TO ALL COUNTS

6. Whenever in this Petition it is alleged any Defendant did any act or thing, it is meant, in addition to the named Defendants, the officers, agents, servants, employees or representatives of that Defendant did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of such Defendants and was done in the normal and routine course and scope of employment of that Defendant or one or more of that Defendants' respective officers, agents, servants, employees, or representatives. Any act of omission or commission alleged herein as to any Defendant is alleged to be made with the knowledge, understanding, agreement and participation of each and every of the other Defendant, and in concert among them. Defendants are referred to interchangeably in both the singular and the plural. All pleadings are in the alternative.

7. All conditions precedent to Plaintiff's right of recovery on each and every cause of action occurred, were performed, or were excused or waived.

8. Plaintiff seeks only monetary relief aggregating more than $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.



TRUE AND CORRECT COPY

## V.
## FACTS

9. Best Rush and AMPAWARS ("the Insured") are both motor carriers operating in and around Texas. On or about May 31, 2021, one of AMPAWARS's drivers, Charanpreet Singh, ran his tractor-trailer ("truck") into a Best Rush truck. The accident occurred in the early morning hours in Harrison County, Texas, on I-20.

10. According to the Texas Peace Officer's Crash Report ("Crash Report") filled out at the scene, the accident was caused when the AMPAWARS, Inc. truck hit the Best Rush truck from behind. The Crash Report identified the AMPAWARS's truck as being at fault for the accident and found failure to control speed to be a contributing cause of the accident. The truck's driver, Mr. Singh, was cited for failure to control his speed by the responding officer.

11. Mr. Singh is an employee of AMPAWARS and was driving the truck within the scope of his employment at the time of the accident. According to the Crash Report, the truck driven by Mr. Singh was owned or leased by AMPAWARS. The truck was insured by United Specialty Insurance on a policy identifying AMPAWARS, Inc. as the named insured.

12. After the accident, the Best Rush truck and its trailer was towed by Cole's Towing to a storage facility in Marshall, Texas. Both the tractor and trailer were totaled as a result of the crash. The cost of a replacement tractor totals $115,296.67; while the cost of a replacement trailer totals $33,950.00.

13. Additionally, the cargo Best Rush was hauling was damaged due to the accident. The cargo's shipper presented a cargo claim to Best Rush for its damages. Best Rush suffered damages related to the cargo in the amount of $720.00.

14. Best Rush also suffered damages from the accident in the form of towing and storage fees, in addition to cargo transfer fees. Best Rush was forced to pay $20,544.13 in towing,



TRUE AND CORRECT COPY

storage, and cargo transfer fees.

15. As a result of the accident, Best Rush suffered and continues to suffer loss of use and lost profits damages with respect to the Unit. These loss of use damages could have been mitigated; however, AMPAWARS and its insurance company and outside adjusting company have continuously delayed the process. The insurance adjustment team has failed to inspect the Unit, despite being ample opportunity to do so, to confirm that it is a total loss. Further, the insurance adjustment team has advised Best Rush to preserve the property, rather than mitigating its damages by disposing of it. As a result, Best Rush suffered loss of use damages of approximately $117,089.76; however, such amount continues to increase.

16. Best Rush has made repeated demands to AMPAWARS and its insurance company, United Specialty Insurance, seeking payment for the damages caused by AMPAWARS as a result of the accident. Despite issuing a demand letter and working in good faith with the Insured's insurance company, Best Rush has not received restitution for its extensive damages from the accident.

## VI. CAUSES OF ACTION

17. All causes of action asserted herein are to be construed in addition or in the alternative to one another so as to provide Best Rush full recourse under the Law.

*First Cause of Action: Negligence*

18. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

19. Elements of a Negligence cause of action are: (1) Duty owed by defendant to plaintiff; (2) Breach of that duty; (3) Proximate cause of the plaintiff's damages by defendant's breach; and (4) Damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013).



TRUE AND CORRECT COPY

20. Mr. Singh, as an AMPAWARS truck driver, had a duty to other drivers using the public roadway to drive with a reasonable degree of care. Mr. Singh did not, however, drive with a reasonable amount of care. Instead, he hit Best Rush's truck, causing an accident, and Mr. Singh received a police citation for exhibiting such lack of care. Mr. Singh's negligent acts and omissions included, but are not limited to, failing to maintain a proper lookout; failing to control the speed of his vehicle; failing to timely apply his brakes; failing to maintain a clear and reasonable distance between motor vehicles; and failing to operate a motor vehicle in the manner that someone of ordinary prudence would have in similar circumstances. Mr. Singh's negligence was the proximate cause of the accident described in this lawsuit, and such accident caused damages to Best Rush as enumerated above.

21. AMPAWARS is vicariously liable for the negligence of its employee, Charanpreet Singh, based on the doctrine of respondeat superior. AMPAWARS was Mr. Singh's employer, and the accident occurred while Mr. Singh was acting within the course and scope of his employment with AMPAWARS.

*Second Cause of Action: Negligent Entrustment*

22. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

23. AMPAWARS entrusted the tractor-trailer which caused the accident to Mr. Singh.

24. AMPAWARS knew or should have known that Mr. Singh was a reckless and/or negligent driver.

25. Mr. Singh was negligent and his acts and omissions, as described above, proximately caused the damages claimed by Best Rush.



TRUE AND CORRECT COPY

*Third Cause of Action: Negligent Hiring and Training*

26. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

27. AMPAWARS had a legal duty to hire, supervise, train, and retain competent employees and contractors.

28. AMPAWARS breached its duty when it negligently hired, supervised, trained, and/or retained Mr. Singh, despite him being a negligent employee.

29. AMPAWARS's breach of its duty proximately caused the accident and Best Rush's damages.

**VII.**
**DAMAGES AND ATTORNEYS' FEES**

30. Best Rush is entitled to recover, cumulatively or in the alternative:

a. Property damages;

b. Costs of transportation and recovery services;

c. Cargo damages;

d. Loss of use damages;

e. Attorneys' fees;

f. Other prejudgment interest;

g. Post-judgment interest;

h. All applicable litigations and court costs.

31. In addition to the aforementioned, Best Rush also seeks any and all other remedies available to it and to which it is entitled to, both general and special, in law and/or equity.



TRUE AND CORRECT COPY

## VIII.
## JURY DEMAND

32. Pursuant to Tex. R. Civ. P. 216, Best Rush requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Best Rush prays that it be granted all relief to which it is entitled to as detailed in the Damages section above.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

*/s/ Katherine Santmyer*
SADI R. ANTONMATTEI-GOITIA
State Bar No. 24091383
KATHERINE SANTMYER
State Bar No. 24108708
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
Facsimile: (281) 378-7639
sadi@fuentesfirm.com
katie@fuentesfirm.com
**ATTORNEYS FOR PLAINTIFF**



TRUE AND CORRECT COPY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Runcie on behalf of Katherine Santmyer
Bar No. 24108708
ashley@fuentesfirm.com
Envelope ID: 58693013
Status as of 11/1/2021 8:25 AM CST

Associated Case Party: Best Rush Service, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sadi Antonmattei-Goitia | | sadi@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Deya Castillo | | deya@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Ashley Runcie | | ashley@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Katie Santmyer | | katie@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |

A TRUE COPY
of the Original hereof, I certify
Sherry Griffis
District Court Clerk
Harrison County, Texas
By ______________
Deputy Clerk

CAUSE NO. 21-1002

BEST RUSH SERVICE, LLC

COPY

V.

AMPAWARS, INC. AND
CHARANPREET SINGH

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

CITATION

TO: THE SHERIFF OR ANY CONSTABLE OF TEXAS
OR ANY OTHER AUTHORIZED PERSON

THE STATE OF TEXAS
COUNTY OF HARRISON

TO: **AMPAWARS, INC.**
**REGISTERED AGENT: HARPREET KAUR PAWAR**
**7073 E. REDLANDS AVENUE**
**FRESNO, CA 93737**

Attached is a copy of **PLAINTIFF BEST RUSH SERVICE, LLC'S ORIGINAL PETITION.** This instrument was filed on the 29th day of October, 2021, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the District Clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than thirty days after you file your answer with the District Clerk.

TO OFFICER SERVING:

This citation is issued 17th day of November, 2021, under my hand and seal of said Court.

**SHERRY GRIFFIS**
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., STE 234
Marshall, TX 75670




BY: [signature]
DEPUTY CLERK

Issued at the request of
Katherine Santmyer
5507 Louetta Road, Suite A
Spring, Texas 77379
State Bar: 24108708

**OFFICER/AUTHORIZED PERSON RETURN**

Came to hand at _____ o'clock __.m., on the _____ day of __________, 20__.
Executed at ______________________________ in _______________ County at ____ o'clock __.m.
on the _____ day of __________, 20__, by delivering to ______________________________
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of __________, 20__.
Fee $_____

_____ of __________ County, Texas

______________________________
Affiant

by______________________________ Deputy

On this day, ______________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _______________, 20__.

______________________________
Notary Public

21-1002
Filed 10/29/2021 5:44 PM
Sherry Griffi
District Cler
Harrison County, Texa
Lea Ann Palmer
Deput

CAUSE NO. 21-1002

| | | |
|---|---|---|
| **BEST RUSH SERVICE, LLC** *Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| **v.** | § | **OF HARRISON COUNTY, TEXAS** |
| **AMPAWARS, INC. and CHARANPREET SINGH** *Defendants.* | § | 71ST **JUDICIAL DISTRICT** |

**PLAINTIFF BEST RUSH SERVICE, LLC'S ORIGINAL PETITION**

**COMES NOW**, Plaintiff, Best Rush Service, LLC, (hereinafter referred to as "Best Rush" or "Plaintiff"), files this *Original Petition* against Defendants, Ampawars, Inc. ("AMPAWARS") and Charanpreet Singh ("Singh") (collectively referred to as "Defendants"), and in support thereof would show the following:

Lea Ann Palmer

**I.**
**DISCOVERY LEVEL**

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES AND SERVICE**

2. Plaintiff, Best Rush Service, LLC., is a company doing business in Harris County, Texas.

3. Defendant, Ampawars, Inc. is a foreign for-profit corporation doing business in the State of Texas and may be served process by its registered agent, Harpreet Kaur Pawar, 7073 E. Redlands Avenue, Fresno, California 93737, or wherever it may be found.

4. Defendant, Charanpreet Singh, is an individual and may be served process at his place of residence, 5316 N. Valentine, Apt. 104, Fresno, California 93711.

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties because Defendants have numerous contacts with the State of Texas that are both general and specific to the transactions at issue in this case. Defendants transacted business in the State of Texas and the accident at issue occurred in Harrison County, Texas.

## IV.
## AS TO ALL COUNTS

6. Whenever in this Petition it is alleged any Defendant did any act or thing, it is meant, in addition to the named Defendants, the officers, agents, servants, employees or representatives of that Defendant did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of such Defendants and was done in the normal and routine course and scope of employment of that Defendant or one or more of that Defendants' respective officers, agents, servants, employees, or representatives. Any act of omission or commission alleged herein as to any Defendant is alleged to be made with the knowledge, understanding, agreement and participation of each and every of the other Defendant, and in concert among them. Defendants are referred to interchangeably in both the singular and the plural. All pleadings are in the alternative.

7. All conditions precedent to Plaintiff's right of recovery on each and every cause of action occurred, were performed, or were excused or waived.

8. Plaintiff seeks only monetary relief aggregating more than $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V.
## FACTS

9. Best Rush and AMPAWARS ("the Insured") are both motor carriers operating in and around Texas. On or about May 31, 2021, one of AMPAWARS's drivers, Charanpreet Singh, ran his tractor-trailer ("truck") into a Best Rush truck. The accident occurred in the early morning hours in Harrison County, Texas, on I-20.

10. According to the Texas Peace Officer's Crash Report ("Crash Report") filled out at the scene, the accident was caused when the AMPAWARS, Inc. truck hit the Best Rush truck from behind. The Crash Report identified the AMPAWARS's truck as being at fault for the accident and found failure to control speed to be a contributing cause of the accident. The truck's driver, Mr. Singh, was cited for failure to control his speed by the responding officer.

11. Mr. Singh is an employee of AMPAWARS and was driving the truck within the scope of his employment at the time of the accident. According to the Crash Report, the truck driven by Mr. Singh was owned or leased by AMPAWARS. The truck was insured by United Specialty Insurance on a policy identifying AMPAWARS, Inc. as the named insured.

12. After the accident, the Best Rush truck and its trailer was towed by Cole's Towing to a storage facility in Marshall, Texas. Both the tractor and trailer were totaled as a result of the crash. The cost of a replacement tractor totals $115,296.67; while the cost of a replacement trailer totals $33,950.00.

13. Additionally, the cargo Best Rush was hauling was damaged due to the accident. The cargo's shipper presented a cargo claim to Best Rush for its damages. Best Rush suffered damages related to the cargo in the amount of $720.00.

14. Best Rush also suffered damages from the accident in the form of towing and storage fees, in addition to cargo transfer fees. Best Rush was forced to pay $20,544.13 in towing,

storage, and cargo transfer fees.

15. As a result of the accident, Best Rush suffered and continues to suffer loss of use and lost profits damages with respect to the Unit. These loss of use damages could have been mitigated; however, AMPAWARS and its insurance company and outside adjusting company have continuously delayed the process. The insurance adjustment team has failed to inspect the Unit, despite being ample opportunity to do so, to confirm that it is a total loss. Further, the insurance adjustment team has advised Best Rush to preserve the property, rather than mitigating its damages by disposing of it. As a result, Best Rush suffered loss of use damages of approximately $117,089.76; however, such amount continues to increase.

16. Best Rush has made repeated demands to AMPAWARS and its insurance company, United Specialty Insurance, seeking payment for the damages caused by AMPAWARS as a result of the accident. Despite issuing a demand letter and working in good faith with the Insured's insurance company, Best Rush has not received restitution for its extensive damages from the accident.

## VI. CAUSES OF ACTION

17. All causes of action asserted herein are to be construed in addition or in the alternative to one another so as to provide Best Rush full recourse under the Law.

*First Cause of Action: Negligence*

18. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

19. Elements of a Negligence cause of action are: (1) Duty owed by defendant to plaintiff; (2) Breach of that duty; (3) Proximate cause of the plaintiff's damages by defendant's breach; and (4) Damages. *Rodriguez-Escobar v. Goss,* 392 S.W.3d 109, 113 (Tex. 2013).

20. Mr. Singh, as an AMPAWARS truck driver, had a duty to other drivers using the public roadway to drive with a reasonable degree of care. Mr. Singh did not, however, drive with a reasonable amount of care. Instead, he hit Best Rush's truck, causing an accident, and Mr. Singh received a police citation for exhibiting such lack of care. Mr. Singh's negligent acts and omissions included, but are not limited to, failing to maintain a proper lookout; failing to control the speed of his vehicle; failing to timely apply his brakes; failing to maintain a clear and reasonable distance between motor vehicles; and failing to operate a motor vehicle in the manner that someone of ordinary prudence would have in similar circumstances. Mr. Singh's negligence was the proximate cause of the accident described in this lawsuit, and such accident caused damages to Best Rush as enumerated above.

21. AMPAWARS is vicariously liable for the negligence of its employee, Charanpreet Singh, based on the doctrine of respondeat superior. AMPAWARS was Mr. Singh's employer, and the accident occurred while Mr. Singh was acting within the course and scope of his employment with AMPAWARS.

*Second Cause of Action: Negligent Entrustment*

22. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

23. AMPAWARS entrusted the tractor-trailer which caused the accident to Mr. Singh.

24. AMPAWARS knew or should have known that Mr. Singh was a reckless and/or negligent driver.

25. Mr. Singh was negligent and his acts and omissions, as described above, proximately caused the damages claimed by Best Rush.

*Third Cause of Action: Negligent Hiring and Training*

26. Best Rush incorporates by reference the allegations set forth above as if the same were fully set forth herein.

27. AMPAWARS had a legal duty to hire, supervise, train, and retain competent employees and contractors.

28. AMPAWARS breached its duty when it negligently hired, supervised, trained, and/or retained Mr. Singh, despite him being a negligent employee.

29. AMPAWARS's breach of its duty proximately caused the accident and Best Rush's damages.

## VII.
## DAMAGES AND ATTORNEYS' FEES

30. Best Rush is entitled to recover, cumulatively or in the alternative:

a. Property damages;

b. Costs of transportation and recovery services;

c. Cargo damages;

d. Loss of use damages;

e. Attorneys' fees;

f. Other prejudgment interest;

g. Post-judgment interest;

h. All applicable litigations and court costs.

31. In addition to the aforementioned, Best Rush also seeks any and all other remedies available to it and to which it is entitled to, both general and special, in law and/or equity.

## VIII.
## JURY DEMAND

32. Pursuant to Tex. R. Civ. P. 216, Best Rush requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Best Rush prays that it be granted all relief to which it is entitled to as detailed in the Damages section above.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Katherine Santmyer*
SADI R. ANTONMATTEI-GOITIA
State Bar No. 24091383
KATHERINE SANTMYER
State Bar No. 24108708
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
Facsimile: (281) 378-7639
sadi@fuentesfirm.com
katie@fuentesfirm.com
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Runcie on behalf of Katherine Santmyer
Bar No. 24108708
ashley@fuentesfirm.com
Envelope ID: 58693013
Status as of 11/1/2021 8:25 AM CST

Associated Case Party: Best Rush Service, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sadi Antonmattei-Goitia | | sadi@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Deya Castillo | | deya@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Ashley Runcie | | ashley@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |
| Katie Santmyer | | katie@fuentesfirm.com | 10/29/2021 5:44:38 PM | SENT |

COPY

CAUSE NO. 21-1002

BEST RUSH SERVICE, LLC

V.

AMPAWARS, INC. AND
CHARANPREET SINGH

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

## CITATION

TO: THE SHERIFF OR ANY CONSTABLE OF TEXAS
OR ANY OTHER AUTHORIZED PERSON

THE STATE OF TEXAS
COUNTY OF HARRISON

TO: **CHARANPREET SINGH**
**5316 N. VALENTINE, APT. 104**
**FRESNO, CA 93711**

Attached is a copy of **PLAINTIFF BEST RUSH SERVICE, LLC'S ORIGINAL PETITION.** This instrument was filed on the 29th day of October, 2021, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the District Clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than thirty days after you file your answer with the District Clerk.

TO OFFICER SERVING:

This citation is issued 17th day of November, 2021, under my hand and seal of said Court.

**SHERRY GRIFFIS**
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., STE 234
Marshall, TX 75670




BY [signature]
DEPUTY CLERK

Issued at the request of
Katherine Santmyer
5507 Louetta Road, Suite A
Spring, Texas 77379
State Bar: 24108708

**OFFICER/AUTHORIZED PERSON RETURN**

Came to hand at _____ o'clock __.m., on the _____ day of __________, 20__.
Executed at ______________________________ in ____________ County at ____ o'clock __.m.
on the _____ day of __________, 20__, by delivering to ______________________________
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of __________, 20__.
Fee $_____

_____ of __________ County, Texas

______________________________
Affiant

by______________________ Deputy

On this day, ______________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON ______________, 20__.

______________________________
Notary Public